IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARCH SPECIALTY INSURANCE
COMPANY,

          Plaintiff,

v.

KOCH FOODS INC.,

          Defendant.

Case No. 19-cv-2323

## COMPLAINT FOR CONTRACT RESCISSION AND DECLARATORY JUDGMENT

Now Comes Plaintiff, ARCH SPECIALTY INSURANCE COMPANY ("Arch"), by and through its attorneys, Foran Glennon Palandech Ponzi & Rudloff PC, and for its Complaint against Defendant, KOCH FOODS INC. ("Koch"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action for contract rescission and, alternatively, declaratory judgment brought pursuant to 28 U.S.C. § 2201.

2. Plaintiff, Arch, seeks rescission of a policy of excess first-party property insurance issued to Defendant, Koch.

3. Arch provided an excess first-party property insurance policy numbered ESP7301263-01 to Koch for the policy term from May 1, 2015 to May 1, 2016 ("Arch Excess Policy"), insuring Koch's interest in locations throughout the United States, including a poultry feed mill located at 1750 Highway 101 in Rockmart, Georgia 30153 (the "Rockmart Feedmill"), and locations dependent on the Rockmart Feedmill at 1835 Kerr Street, Chattanooga, Tennessee, 121-123 Fairmont Avenue, Morristown, Tennessee, 501 Paden Road, Gadsden, Alabama, and 764 George Cagle Drive, Collinsville, Alabama (the "Dependent Locations"). The Arch Excess Policy

was issued to Koch in reliance upon information submitted to Arch that was later determined to be materially false.

4. Disputed issues exist concerning whether the Arch Excess Policy is void *ab initio* and subject to rescission because Koch made material misrepresentations in its insurance submission to Arch.

5. In the alternative, this action also seeks a declaration of Arch's rights and obligations for an insurance claim made by Koch arising out of an explosion at the Rockmart Feedmill.

## THE PARTIES, JURISDICTION AND VENUE

6. Plaintiff, Arch, is a Missouri corporation with its principal place of business in Jersey City, New Jersey.

7. Defendant, Koch, is a Delaware corporation with its principal place of business in Park Ridge, Illinois.

8. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because this action is by and between citizens of different states, and the amount in controversy is in excess of the jurisdictional minimum.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Koch is a resident of this district, is a corporation with its principal place of business located in this district, and otherwise has contacts within this district sufficient to subject Koch to personal jurisdiction in this district.

11. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

12. Koch is a poultry processing and distribution company based in Illinois with locations throughout the United States.

13. Between May 1, 2015 and May 1, 2016, Koch's first-party property and business interruption insurance program consisted of a $50 million primary or "underlying" layer of insurance, and a $200 million excess layer.

14. Arch's Excess Policy formed a part (10 percent) of the $200 million layer of insurance, which was excess over the $50 million primary layer.

15. In applying for the Arch Excess Policy, Koch submitted a Schedule of Values for various locations in the United States, which included the Rockmart Feedmill, and the Dependent Locations in Tennessee and Alabama. A true and correct copy of relevant portions of the Schedule of Values is attached as Exhibit A.

16. Arch's underwriter relied upon the Schedule of Values to, among other things, set the policy premium given the attachment point, i.e., excess of $50 million, of the policy.

17. In the Schedule of Values, Koch represented that the total value of the real and personal property at the Rockmart Feedmill was $18 million.

18. The Schedule of Values also represented that the business interruption values at the Rockmart Feedmill totaled $2 million.

19. At the time the Schedule of Values was submitted to Arch, the actual total value of the real and personal property at the Rockmart Feedmill was materially higher than $18 million.

20. At the time the Schedule of Values was submitted to Arch, the actual total business interruption values at the Rockmart Feedmill were materially higher than $2 million.

21. In the Schedule of Values, Koch represented that the business interruption values for the Dependent Locations in Tennessee and Alabama referenced above totaled $17,495,605.00.

22. At the time the Schedule of Values was submitted to Arch, the actual total business interruption values for the Dependent Locations in Tennessee and Alabama were materially higher than $17,495,605.00.

23. In reliance upon the information in the application, which included the information in the Schedule of Values, Arch issued the Arch Excess Policy to Koch, a true and correct copy of which is attached as Exhibit B.

24. The Arch Excess Policy provides in pertinent part:

> **SECTION V. GENERAL CONDITIONS**
> G. **OTHER INSURANCE**
> 5. The Insured is permitted to have other insurance for all or any part of the Policy Deductible in this "policy". The existence of such other insurance will not prejudice recovery under this "policy". If the limits of liability of such other insurance are greater than the applicable Policy Deductible, then the insurance under this "policy" will apply only after the limits of liability of such other insurance have been exhausted.

25. On February 7, 2016, an explosion occurred at the Rockmart Feedmill, resulting in property damage and an interruption of business.

26. Following the explosion, Koch notified its primary insurance carriers as well as Arch of the loss.

27. On February 9, 2016, Arch acknowledged receipt of the notice of the loss, acknowledging its participation as $20 million part of the $200 million layer excess of the $50 million primary layer and underlying deductible.

28. On February 16, 2016, Koch, through its insurance broker, recommended that Arch close its file, telling Arch "This loss will not impact your layer."

29. During a November 29, 2018 meeting, Koch presented Arch's adjuster with a summary of Koch's anticipated overall claim totaling $85,530,000.00.

30. Koch failed to accurately report the total values at risk at the Rockmart Feedmill and the Dependent Locations in Tennessee and Alabama when Koch applied for the Arch Excess Policy.

31. Arch relied on the total values represented in Koch's insurance submission in determining the basis upon which it would provide coverage to Koch under the Arch Excess Policy.

32. Had Koch provided Arch's underwriter with true and correct total values, Arch would not have issued the Arch Excess Policy on the same terms and conditions.

## COUNT ONE – RESCISSION/DECLARATORY RELIEF

### The Arch Excess Policy Is Void *Ab Initio*

33. Arch repeats, re-alleges and incorporates by reference each of the allegations contained in the above paragraphs 1-32 as if fully set forth herein.

34. Koch grossly understated the total values at risk for the Rockmart Feedmill and the Dependent Locations, when it sought excess property insurance from Arch.

35. Koch's gross understatements of the total values at risk were material to Arch's decision to issue the Arch Excess Policy.

36. Had Arch known at the time of the application that Koch's representations regarding the total values at risk were false or incorrect, Arch would not have issued the Arch Excess Policy to Koch on the same terms and conditions.

37. Arch is entitled to a declaration that the Arch Excess Policy is void *ab initio* and, as a result, there is no coverage for any claim made by Koch under the Arch Excess Policy.

38. In the event the Court grants the relief requested, Arch will refund the policy premium to Koch in its entirety.

WHEREFORE, Plaintiff, Arch Specialty Insurance Company, respectfully requests that this Court enter a judgment rescinding the Arch Excess Policy and declaring that it is void *ab initio* and, based on such relief, ordering the return of the net premium paid by Koch for the Arch Excess Policy, and such other and further relief as this Court deems necessary and proper.

## COUNT TWO – DECLARATORY RELIEF

### No Exhaustion of Underlying Insurance

39. Arch repeats, re-alleges and incorporates by reference each of the allegations contained in the above paragraphs 1-32 as if fully set forth herein.

40. The Arch Excess Policy requires the exhaustion of all of Koch's underlying policy limits of insurance before coverage will apply under the Arch Excess Policy.

41. Koch's underlying limits of insurance total $50 million.

42. Upon information and belief, Koch has fully and finally settled its claims arising from the February 7, 2016 explosion with the insurers who issued the underlying insurance in the $50 million primary layer beneath the Arch Excess Policy.

43. Upon information and belief, Koch's underlying limits of insurance for the February 7, 2016 explosion claim have not been exhausted by payment of the $50 million limits of Koch's underlying primary insurance coverage.

44. Due to the lack of exhaustion, Arch is entitled to a declaration that it has no liability to Koch under the Arch Excess Policy in connection with the February 7, 2016 explosion at the Rockmart Feedmill.

**WHEREFORE**, Plaintiff, Arch Specialty Insurance Company, respectfully requests that this Court enter a judgment in favor of Arch, declaring that it has no liability to Koch under the Arch Excess Policy in connection with the February 7, 2016 explosion at the Rockmart Feedmill, and for such other and further relief as this Court deems necessary and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Dated: April 5, 2019

Respectfully submitted,

/s/Michael L. Foran
Michael L. Foran
Matthew P. Fortin
Foran Glennon Palandech Ponzi & Rudloff PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
(312) 863-5000
mforan@fgppr.com
mfortin@fgppr.com

Attorneys for Plaintiff, *Arch Specialty Insurance Company*